417 F.2d 426
 John GILLIBEAU and Doris Gillibeau, Appellants,
v.
CITY OF RICHMOND, a municipal corporation, Charles E. Brown,
Elmer Evans, Deputy Marshal, Ervin R. Martin, Deputy
Marshal, William H. Zeiler, Walter Laughlin, Donald Workman,
James P. Kenny, Chairman of the Board of Supervisors, and
Does One through Eighty, Appellees.
 No. 23062.
 United States Court of Appeals Ninth Circuit.
 Oct. 13, 1969.
 
 R. Jay Engel and Hugh B. Miller of Jarvis, Miller & Stender, San Francisco, Cal., for appellants.
 Tining & Delap, Richmond, Cal., Hagar, Crosby & Rosson, Oakland, Cal., Bishop, Murray & Barry, San Francisco, Cal., for appellees.
 Before HAMLEY and ELY, Circuit Judges, and SMITH, District Judge.*
 HAMLEY, Circuit Judge.
 
 
 1
 John and Doris Gillibeau, on behalf of themselves and 'all other negroes similarly situated,' brought this civil rights action for damages, a declaratory judgment, and declaratory relief against seven named individuals and 'Does One through Eighty.' The named defendants still in the case are Charles E. Brown, a Richmond, California city policeman, Elmer Evans, Ervin R. Martin and William H. Zeiler, officers of the Municipal Court of Richmond, James P. Kenny, a member of the Richmond Board of Supervisors,[1] and Walter Laughlin and Donald Workman, the owners of certain property located at 406 Maine Avenue, Richmond. In a second claim, plaintiffs seek damages from defendants Laughlin and Workman for breach of contract. Plaintiffs last set forth their claims in a second amended complaint (erroneously designated first amended complaint), filed on February 14, 1968.
 
 
 2
 All the named defendants moved for a more definite statement and to dismiss the second amended complaint for failure to comply with the requirement of Rule 8(a)(2), Federal Rules of Civil Procedure, that pleadings 'contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief.' All the named defendants except Brown also moved to dismiss the action for failure to state a claim upon which relief can be granted. The district court, after a hearing, entered an order dismissing the action as to all named defendants except Brown for failure to state a claim. In the same order, the action was dismissed as to Brown for failure to comply with Rule 8(a)(2). This appeal followed.[2]
 
 
 3
 With regard to the civil rights claim, plaintiffs alleged that, on August 4, 1966, the Municipal Court of Richmond issued an order to have them evicted from their residence at 406 Maine Street, in Richmond. According to the second amended complaint, in connection with defendants' action in obtaining and executing this order, and in connection with plaintiffs' attempt to obtain a withdrawal of that order, defendants engaged in a number of activities which deprived plaintiffs and others similarly situated of specified rights under the Constitution.
 
 
 4
 Some of the allegations concerning the activities and conduct of these defendants did not relate to the deprivation of a constitutional right, or were so lacking in factual substance that they were properly disregarded by the district court. However, there were allegations with respect to three kinds of activity which, in our view, are not subject to these objections. Plaintiffs alleged that each of the named defendants, under color of city and county law, jointly and severally, separately and cooperatively, did the following acts 'prior and subsequent to and including August 8, 1966 and August 11, 1966':
 
 
 5
 '(a) Conduct and accomplish an unreasonable search and seizure of the person and property of plaintiffs at 406 Maine Street, City of Richmond, County of Contra Costa, State of California.
 
 
 6
 '(b) Stopped, prevented and impeded plaintiffs' right to assemble as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States in that defendants and each of them deprived, discouraged, impeded and forcefully prevented plaintiffs and each of them from organizing and assembling for the purpose of presenting to the appropriate authorities claimed irregularities in living conditions existing at 406 Maine Street in the City of Richmond * * * and further deprived, discouraged, impeded and forcefully prevented plaintiffs and each of them from making known and presenting claimed violations of the law existing on the premises known as 406 Maine Street * * *
 
 
 7
 '(e) Exercised, used and conducted excessive force and zeal in the enforcing of an order issued on August 4, 1966 by the Municipal Court of the City of Richmond, which said order itself was void as a violation of constitutional rights guaranteed to plaintiffs. * * *'
 
 
 8
 These allegations, in our opinion, are sufficient to raise issues of fact as to whether plaintiffs were deprived of constitutional rights which may be vindicated under the applicable provisions of the Civil Rights Act, 42 U.S.C. 1983, 1985(3) (1964).[3] But defendants argue that other allegations of the second amended complaint provided them with defenses requiring dismissal of the action for failure to state a civil rights claim.
 
 
 9
 Plaintiffs alleged that defendants Evans, Martin and Zeiler were officers of the Municipal Court of Richmond and at all times were acting within the scope and course of their agency. They also allege that Evans, Martin and Zeiler used excessive force and zeal in enforcing the eviction order of the Municipal Court. These defendants argue that the described allegations entitle them to quasi-judicial immunity.
 
 
 10
 If the described allegations necessarily imply that, as to all of their acts complained of, these three defendants acted at the direction of a judge or judges to whom they were immediately and directly responsible, they would have quasi-judicial immunity from liability for damages in this civil rights suit. See Haldane v. Chagnon, 9 Cir., 345 F.2d 601, 604.
 
 
 11
 We are not convinced, however, that such implicit allegations may be read into this pleading. Plaintiffs have not alleged that Evans, Martin and Zeiler were immediately and directly responsible to a judge of the Municipal Court nor that each of their acts in carrying out the eviction order was performed solely at the direction of such a judge.[4] Absent assertions of this character, the allegation that these three defendants were acting within the scope and course of their agency as officers of the court may have been intended only as an assertion that they were acting under color of state law.
 
 
 12
 Later development of the facts as a result of additional pleadings, pretrial discovery, or trial may establish a basis for dismissing the damage claim as to Evans, Martin and Zeiler on the ground of quasi-judicial immunity or for some other reason. In our opinion the second amended complaint, standing alone, does not provide a basis for such action.
 
 
 13
 Plaintiffs also allege that defendant Kenny was a member of the Richmond Board of Supervisors and that at all times referred to in this pleading he was acting within the scope and course of his duties on that board. Kenny argues that these allegations entitle him to legislative immunity.
 
 
 14
 If these allegations necessarily imply that members of the Board of Supervisors of Richmond (or Contra Costa County) perform only legislative functions and that, in all of the activities complained of by plaintiffs, Kenny was engaged only 'in the sphere of legitimate legislative activity,' then he enjoys legislative immunity from liability for damages in this civil rights suit. See Dombrowski v. Eastland, 387 U.S. 82, 85, 87 S.Ct. 1425, 18 L.Ed.2d 577; Tenney v. Brandhove, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019. In our view, however, no such implication arises from these allegations. We therefore hold that they do not provide a basis for dismissing the damage claim as to Kenny.
 
 
 15
 Defendants Laughlin and Workman, who were the owners of the property in question, argued, in effect, that no civil rights claim was stated as to them under 42 U.S.C. 1983 because it was not alleged that they were either state officials or that they were acting under color of any state or territorial law.
 
 
 16
 It is true that the second amended complaint does not allege that Laughlin and Workman were state officials. While the complaint alleges that all named defendants, including Laughlin and Workman, were agents, servants and employees of the City of Richmond, we take it that this was an inadvertence. At the oral argument held on March 20, 1967, counsel for plaintiffs conceded that they could reach Laughlin and Workman under section 1983 only by proving that the latter had conspired with the other named defendants, who were state or local officials and who acted under color of state law in carrying out the activities complained of.
 
 
 17
 Suit may be brought against private citizens under section 1983 if a conspiracy is established between them and the state or local officials who clearly acted under color of state law. See Hoffman v. Halden, 268 F.2d 580, 298 (9th Cir. 1959). All of the elements of such a conspiracy must be set out plainly in the complaint. Id. at 294-296.
 
 
 18
 The only allegations in the second amended complaint of a conspiratorial relationship between these two defendants and the other named defendants with respect to the activities described in subparagraphs (a), (b) and (e) appear in paragraph 11, which states that all of the defendants acted 'jointly and severally, separately and conspiratorily,' and that they did 'conspire' with each other. As indicated above, this is an inadequate allegation to establish a conspiratorial relationship and a motion to make more definite and certain in this regard would have been proper. No such motion was made.
 
 
 19
 In our opinion, the allegation as to a conspiracy was sufficient to defeat a motion to dismiss, absent any effort to obtain a more definite statement as to that matter. The rule that plaintiff's cause is not to be dismissed for failure to state a claim unless it appears without doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief applies to civil rights actions. York v. Story, 324 F.2d 450, 453 (9th Cir. 1963).
 
 
 20
 Defendants Laughlin and Workman also argue that the second amended complaint states no claim against them under 42 U.S.C. 1985(3) because there are no specific allegations in the pleading charging them with conspiring to deprive plaintiffs of the equal protection of the laws or of their privileges and immunities under the laws.
 
 
 21
 In our view, and for reasons indicated earlier in this opinion, the second amended complaint does not state a claim under any civil rights statute except with regard to the three kinds of acts set out in subparagraphs (a), (b) and (e) above. Since we have held that, as to the acts so described, the pleading states a claim against Laughlin and Workman under section 1983, it is not necessary to decide whether it also states a claim under section 1985(3).
 
 
 22
 We wish it to be understood that defendants Evans, Martin, Zeiler, Kenny, Laughlin and Workman may be entitled to more explicit factual allegations concerning the civil rights claims set out in subparagraphs (a), (b) and (e). Up to now, however, these defendants have not proceeded in an effective manner to obtain such relief. While they have filed motions for a more definite statement, directed to the successive complaints, not once have they complied with the requirement of Rule 12(e), Federal Rules of Civil Procedure, that the motion shall point out 'the details desired.'[5]
 
 
 23
 All of the named defendants moved for dismissal of the second amended complaint for failure of the plaintiffs to set forth their civil rights claim in the form of a 'short and plain statement of the claim showing that the pleader is entitled to relief,' as required by Rule 8(a)(2), Federal Rules of Civil Procedure.[6] Except as to defendant Brown, the district court did not act upon these Rule 8(a)(2) motions, and those defendants do not here ask us to affirm the dismissal on the ground of the asserted Rule 8(a)(2) violation. In any event, dismissal of an action on that ground rests within the sound discretion of the district court and ought not to be granted by this court in the first instance.
 
 
 24
 Defendant Brown, having answered the first amended complaint, did not, after the filing of the second amended complaint, move to dismiss the action for failure to state a claim. He did, however, move to dismiss the second amended complaint for failure to comply with Rule 8(a)(2), which motion the district court construed as a motion to dismiss the action. The court granted this motion.[7]
 
 
 25
 The failure of a complaint to state a claim upon which relief can be granted is usually dealt with by a motion made under Rule 12(b)(6), while the need for supplying a more definite statement is ordinarily brought before the court by a motion invoking Rule 12(e). However, in an aggravated case a district court has discretion to dismiss an action for failure to comply with the requirement of Rule 8(a)(2). See Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965); Agnew v. Moody, 330 F.2d 868, 870-871 (9th Cir. 1964). But, as exemplified by Corcoran and Agnew, a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.' Corcoran, 347 F.2d at 223.
 
 
 26
 Whatever the second amended complaint may have lacked in particularity, a matter which could at any time have been tested by a properly prepared motion for a more definite statement, it could hardly be said to fall under the interdict of the quoted Corcoran criteria. The part of the second amended complaint setting forth plaintiffs' civil rights claims against seven named defendants consisted of eighteen relatively short paragraphs set out on seven and a half pages. That pleading, prepared by an attorney, contains a minimum of repetition and none of the lengthy citation and quotation of cases and other authorities, or the rambling paragraphs dealing with irrelevant matters, which are often found in pleadings prepared by laymen.
 
 
 27
 These factors plus the further consideration that the district court did not dismiss the action for violating Rule 8(a)(2) as to any other defendant leads us to conclude that the action against Brown likewise should not have been so dismissed.
 
 
 28
 Plaintiffs directed the second count of the second amended complaint solely against Laughlin and Workman, the owners of the property where the eviction occurred. In this count plaintiffs alleged breach of an oral contract entered into on August 4, 1966, in which Laughlin and Workman assertedly agreed to accept fifty dollars in satisfaction of a judgment entered against plaintiffs on that date. Plaintiffs claimed full performance on their part but that defendants had nevertheless evicted them.
 
 
 29
 On this appeal Laughlin and Workman defend the dismissal of this second cause of action on the jurisdictional basis that it relates to a separate non-federal claim and that pendent jurisdiction is not appropriate. Laughlin and Workman, however, did not move to dismiss the action on that ground, and the district court dismissed the action as to them for failure to state a claim for relief, not for lack of jurisdiction. Since we reverse the district court's dismissal of the second amended complaint, plaintiffs' civil rights claims remain viable, at least for the time being, and the issue of the appropriateness of pendent jurisdiction also remains open. We think that this court ought not to consider whether the district court may entertain the second cause of action under the doctrine of pendent jurisdiction unless and until the question is first raised and decided in the district court.
 
 
 30
 Laughlin and Workman also argue that plaintiffs have inadequately pleaded a basis for a class action under Rule 23(a)(1), Federal Rules of Civil Procedure. None of the other appellees have raised this question.
 
 
 31
 In paragraph 5 of the second amended complaint plaintiffs allege only that the suit is also brought pursuant to Rule 23(a)(1), '* * * on behalf of all other negroes similarly situated whose numbers make it impractical to have them join as plaintiffs in this action.' This is wholly insufficient, since there must not only be allegations relative to the matters mentioned in Rule 23(a)(2), (3) and (4), and Rule 23(b), but, in addition, there must be a statement of basic facts. Mere repetition of the language of the Rule is inadequate.
 
 
 32
 However, compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim, and the district court gave no indication that the class action issue was considered in dismissing the action. Rule 23(c)(1) provides that, as soon as practicable after the commencement of an action brought as a class action, 'the court shall determine by order whether it is to be so maintained.' No such order was sought or entered in this case. Upon the remand, plaintiffs will have an opportunity to amend their class action allegations.
 
 
 33
 The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 In his brief on appeal Kenny states that he is a member of the Contra Costa County Board of Supervisors. However, the identity of the particular board on which Kenny served is immaterial for the purposes of this case
 
 
 [2]
 The dismissal of the action as to the named defendants necessarily required dismissal as to the 'Doe' defendants. In any event, the practice of including fictitious parties in a pleading serves no purpose in this circuit. See Craig v. United States, 413 F.2d 854 (9th Cir. 1969), decided June 24, 1969
 
 
 [3]
 See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) (unreasonable search and seizure); Basista v. Weir, 340 F.2d 74, 80 (3rd Cir. 1965) (unreasonable and illegal arrest, use of excessive force in performing official duties); Jordan v. Hutcheson, 323 F.2d 597, 601 (4th Cir. 1963) (interference with freedom of speech and of assembly). Insofar as plaintiffs allege that this search and seizure was unreasonable because based upon a void order, the defense of good faith and probable cause is available to defendants. See Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288; Dodd v. Spokane County Washington, 393 F.2d 330, 335 (9th Cir. 1968). However, this defense is not a ground for dismissing the action before the issue is joined
 
 
 [4]
 With respect to two acts complained of, an unreasonable search and seizure and interference with plaintiffs' right to assemble and organize, plaintiffs have not even alleged any connection between the acts and the functioning of the Municipal Court
 
 
 [5]
 Defendants are in error in stating that their motion for a more definite statement, directed to the initial complaint, was granted. It was never acted upon. Their motion for a more definite statement, directed to the first amended complaint, was granted, but in lieu thereof plaintiffs filed a second amended complaint. Defendants did not contest this as a failure to comply with an order of court, as perhaps they might have done under Rule 41(b), Federal Rules of Civil Procedure. Instead, they filed new motions for a more definite statement, directed to the second amended complaint. As indicated above, these motions, as well as the predecessor motions, were not in compliance with Rule 12(e) and, in any event, the renewed motions were not granted by the district court
 
 
 [6]
 For present purposes we assume that defendants meant to move for dismissal of the action instead of the second amended complaint
 
 
 [7]
 The court permitted no oral argument on this motion or any other motion that was before the court at the final hearing