**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STUART MURRY DOUBLE,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 97-1316
(D.C. No. 97-D-1250)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

Plaintiff Stuart Murry Double, appearing pro se, seeks leave to appeal the district court's dismissal of his civil complaint without prejudice.  Because we conclude the

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal is frivolous, we deny the motion for leave to proceed on appeal in forma pauperis and dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Double filed pleadings with the district court on or about June 9, 1997, seeking leave to file a civil action against the United States without prepayment of fees. On June 17, 1997, the court ordered the clerk to commence a civil action and directed Double to cure various deficiencies in his complaint within thirty days. Double responded by filing two amended complaints and a petition for writ of habeas corpus, as well as numerous exhibits. Double alleged he was wrongfully arrested on October 10, 1990, and subsequently imprisoned for a period of one year and twenty-nine days, without trial. Although he named the United States as the sole defendant, none of his pleadings specified which government agencies and/or employees were responsible for the alleged arrest and imprisonment, nor did the pleadings outline where the alleged arrest and imprisonment occurred. Double's first amended complaint sought no relief. His second amended complaint requested one trillion dollars in damages, but indicated he was willing to settle for thirty-five million dollars. His habeas petition sought relief from an unspecified state court judgment.

After reviewing all of the pleadings and exhibits, the district court dismissed the action without prejudice because Double failed to comply with the requirements of Fed. R. Civ. P. 8(a). In particular, the court concluded:

> The cumulative effect of the voluminous and confusing documents
> Mr. Double has filed in this action is to create anything but a short and plain

statement of the plaintiff's claims. *See* Fed. R. Civ. P. 8(a)(2). The burden Mr. Double places upon the defendant and me to identify, interpret and respond to his specific legal claims is unreasonable. Neither I nor the defendant is obligated to search through the multitudinous filings in this action in order to glean a clear and succinct statement of each claim for relief. Mr. Double fails to comply with Fed. R. Civ. P. 8(a)(3) by submitting three separate pleadings seeking different or unspecified relief in the same action.

District Court's Order at 3-4.

The decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the district court, and we review the court's decision for abuse of discretion. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969). The complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).

We have carefully reviewed the entire record on appeal, including the pleadings and exhibits filed by Double in district court. It is apparent he has failed to comply with Rule 8(a). Because his appellate pleadings offer no further explanation of his claims, we conclude the appeal is legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Double's application to proceed on appeal in forma pauperis is DENIED, and the

-3-

appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge