**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

MARVIN BISHOP,

    Plaintiff-Appellant,

v.

ROY ROMER, Governor,

    Defendant-Appellee.

No. 98-1294
(D. Colo.)
(D.Ct. No. 98-D-1238)

MARVIN BISHOP,

    Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
ARISTEDES W. ZAVARAS, Executive Director;
DOCTOR McGARRY, Chief Medical Officer;
DOCTOR DIAMOND, Chief Mental Health Officer;
FRANK E. RUYBALID, Step III Grievance Officer,
all of C.D.O.C.; LARRY EMBRY, with his medical
and administrative staff; FREMONT CORRECTION-
AL FACILITY, all of (F.C.F.); AL ESTEP, Warden,
with his administrative and medical staff; LIMON
CORRECTIONAL FACILITY, all of (L.C.F.);
DONICE NEAL, Warden, with her administrative,
medical and mental health staff; COLORADO STATE
PENITENTIARY, all of (C.S.P.); sued in their
individual and official capacities,

    Defendants-Appellees.

No. 98-1296
(D. Colo.)
(D.Ct. No. 98-D-171)

_____

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Marvin Bishop, a pro se inmate, appeals the district court's dismissal of his civil complaints without prejudice. We consolidate both appeals for singular disposition. Because we conclude his appeals are frivolous, we deny his motions for leave to proceed on appeal *in forma pauperis* and dismiss his appeals pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Bishop filed two civil rights actions under 42 U.S.C. § 1983. In the first action, Mr. Bishop alleged nonfeasance by the Governor of Colorado for

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

failing to respond to his letters and authorize an investigation of drug use by his ex-wife and her boyfriend which he claimed could prove his innocence and false imprisonment. The district court dismissed the complaint without prejudice under the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars 42 U.S.C. § 1983 actions relating to or challenging the validity of a criminal conviction and sentence. *Id.* at 486-87.

In the second action, Mr. Bishop asserted multiple constitutional claims against numerous Colorado Department of Corrections officials for abusive treatment resulting from his request for a single, rather than shared, prison cell because of alleged medical and mental health reasons. In support of his contentions, Mr. Bishop asserted numerous allegations of misconduct by prison officials, including contentions they violated his constitutional rights by slamming his cell door and refusing to provide him ear plugs, supportive shoes, and dietary supplements such as vitamins, minerals, and proteins. In two separate orders, the district court directed Mr. Bishop to file an amended complaint complying with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a complaint contain short and plain statements of (1) the grounds for jurisdiction and (2) a claim showing relief, together with a demand for judgment for the relief sought. The district court noted Mr. Bishop's original complaint and supplementary

thirty-six-page complaint contained "rambling and verbose allegations" of incidents concerning denial of medical treatment, placement in administrative segregation, and convictions on Code of Penal Discipline violations, together with claims of interference with inmate grievance procedures, denial of library photocopies, improper shakedowns, and subjection to an unheated cell. In response to the court's order, Mr. Bishop filed an amended complaint that contained many of the same allegations contained in his first complaint, together with an exhaustive recitation of several state statutes and prison administrative rules allegedly violated. The district court dismissed the complaint without prejudice under Fed. R. Civ. P. 8(a)(2), stating it contained an "unnecessarily lengthy and confusing dissertation containing rambling and verbose allegations" which neither the court "nor the defendants are required to search through ... to determine what claims are being asserted."

After dismissal of the complaints in each action, Mr. Bishop sought "reconsideration." The district court construed the requests for reconsideration as motions to alter or amend the judgments pursuant to Fed. R. Civ. P. 59(e) and then denied the motions.

Mr. Bishop appeals the dismissal of both complaints. In his appeal of his

action against the governor, Mr. Bishop contends the district court erred in applying *Heck* to bar his § 1983 action, and must allow him an opportunity to amend his complaint to include relevant statutes and citations. In his other appeal, Mr. Bishop argues his original and supplemental complaints meet all the requirements of Fed. R. Civ. P. 8, and that even his "grossly reduce[d]" amended complaint meets the rule and the judge's orders. He also complains the district court judge improperly refused to appoint him counsel and should have recused himself.

Discussion

A. Section 1983 Action Barred by *Heck v. Humphrey*

We have carefully reviewed Mr. Bishop's complaint of nonfeasance by the governor and his assertion that an investigation of his ex-wife's and her boyfriend's drug use would prove his innocence and vindicate his claim of false imprisonment. In essence, Mr. Bishop's allegations implicate the validity of his conviction and continued confinement. As the district court recognized, the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), controls this case. *Humphrey* states a § 1983 action is an inappropriate vehicle for challenging the validity of outstanding criminal judgments unless the plaintiff proves the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a

-5-

federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  Accordingly, we agree with the district court that Mr. Bishop failed to show an invalidation of his conviction or sentence, requiring dismissal of his § 1983 complaint.  As for Mr. Bishop's request to amend his complaint, we find the district court's order that dismissed his complaint without prejudice adequately advised him he may initiate a new action under § 1983, if he successfully invalidates his conviction and sentence.

### B.  Dismissal Pursuant to Rule 8(a)(2)

Rule 8 provides that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When a complaint does not comply with this requirement, the court has the power to dismiss it.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  The decision to dismiss an action without prejudice for failure to comply with Rule 8 is within the sound discretion of the district court, and we review the court's decision for abuse of discretion.  *Id.  See also Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

We have reviewed the original, "supplemental," and amended complaints in

Mr. Bishop's § 1983 action against officials of the Colorado Department of Corrections. These documents consist of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of Mr. Bishop's claims. Even giving his *pro se* complaints liberal construction, Mr. Bishop fails to satisfy the Rule 8(a)(2) requirement for a short and plain statement of claims showing he is entitled to relief. Thus, his complaint fails to give the opposing parties a reasonable and fair notice of the basis of the complaint, placing an impermissible burden on them to identify his specific legal claims. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990). Accordingly, the district court did not abuse its discretion in dismissing Mr. Bishop's § 1983 complaint without prejudice.

We next address Mr. Bishop's claim the district court erred in failing to appoint him counsel. Contrary to his contentions, the right to counsel in a civil suit is not a constitutional right under the Sixth Amendment. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

As to Mr. Bishop's request for recusal or disqualification of the district court judge, we review under a plain error standard since he did not move or file the necessary affidavit for recusal or disqualification below. *See United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). Even construing his *pro se* pleadings liberally, Mr. Bishop's mere conclusory allegation the judge must recuse himself is insufficient to form a basis for recusal or disqualification. *See Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987).

Because Mr. Bishop's appellate pleadings offer no further explanation of his claims, we conclude his appeal are legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For these reasons, we deny Mr. Bishop's motions to proceed *in forma pauperis,* "Objection to Order dated December 2, 1998," "Objection to Order dated December 8, 1998," September 8 and 24, 1998 motions entitled "Motion for Relief,"and "Declaration in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction with Damages." We have also reviewed Mr. Bishop's October 9, 1998 letter and find nothing therein to convince us of the merit of his appeals. Accordingly, we **AFFIRM** the district court's judgments dismissing Mr. Bishop's § 1983

complaints.  We conclude Mr. Bishop's two appeals count as two prior occasions

for the purposes of 28 U.S.C. § 1915(g).  The mandate shall issue forthwith.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge