**Ann CHRZANOWSKI, Plaintiff–
Appellant,**

v.

**George ASSAD; City of Las Vegas; R.
Saavedra, Defendants–Appellees.**

**No. 06–15699.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2008.

Filed April 24, 2008.

Cal J. Potter, III, Esq., Potter Law Offices, PC, Las Vegas, NV, for Plaintiff–Appellant.

Walter R. Cannon, Esq., Peter M. Angulo, Esq., Thomas D. Dillard, Jr., Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Philip R. Byrnes, Bradford R.

Jerbic, Office of the City Attorney, Thomas D. Beatty, Esq., Law Offices of Thomas D. Beatty, Las Vegas, NV, for Defendants–Appellees.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM *

In March 2003, Ann Chrzanowski went to the Las Vegas Municipal Court on her boyfriend's behalf to request a continuance in a traffic matter. After calling the traffic case to order, Judge George Assad told Chrzanowski that her boyfriend allegedly had threatened a customer care representative when calling earlier about the possible continuance. Therefore, the judge said, Chrzanowski would be held until the boyfriend came to court. The court marshal, R. Saavedra, took Chrzanowski to the back of the courtroom and had her call the boyfriend. The marshal then handcuffed Chrzanowski and put her in a holding cell, releasing her two or three hours later when the boyfriend arrived.

Chrzanowski brought 42 U.S.C. § 1983 claims against Judge Assad and Marshal Saavedra, alleging Fourth and Fourteenth Amendment violations. She also brought a § 1983 claim against the City of Las Vegas, alleging that the city had policies, practices, or procedures exhibiting deliberate indifference to her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). She brought an assortment of state law claims and a conspiracy claim against the three defendants as well.

The district court granted Judge Assad and Marshal Saavedra's Rule 12(b)(6) motions to dismiss the federal claims on absolute and quasi-judicial immunity grounds. See Butler v. Elle, 281 F.3d 1014, 1021 (9th Cir.2002); Valdez v. City & County of Denver, 878 F.2d 1285, 1287–88 (10th Cir. 1989). The court also granted the City of Las Vegas's Rule 12(b)(6) motion to dismiss for failure to state a federal claim. See Bell Atlantic Corp. v. Twombly, —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). The court declined to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

We review de novo the grant of a motion to dismiss on judicial immunity grounds, which presents a question of law. Goldstein v. City of Long Beach, 481 F.3d 1170, 1172 (9th Cir.2007). We also review de novo the district court's dismissal for failure to state a claim, taking all well-pleaded allegations of material fact as true and construed in Chrzanowski's favor. Corrie v. Caterpillar, Inc., 503 F.3d 974, 979 (9th Cir.2007).

■ We first hold that neither exception to absolute judicial immunity saves Chrzanowski's claims against Judge Assad. See Mireles v. Waco, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). The order to hold Chrzanowski was a "judicial act" because a judge has authority to order a party's appearance and to order someone present in court placed in custody, because the act took place in Judge Assad's courtroom, because the order arose from a pending case, and because the order derived from a confrontation with the judge in his official capacity. See Meek v. County of Riverside, 183 F.3d 962, 967–68 (9th Cir.), cert. denied,

---

\* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

*Wojcik v. Meek,* 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 386 (1999). Further, Judge Assad had subject matter jurisdiction over Chrzanowski. *See, e.g., Stump v. Sparkman,* 435 U.S. 349, 355–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). While Judge Assad may have acted "in excess" of his jurisdiction, he did not act in the "clear absence" of such jurisdiction. *See Mireles,* 502 U.S. at 13, 112 S.Ct. 286; *Sadoski v. Mosley,* 435 F.3d 1076, 1079 (9th Cir.), *cert. denied,* 547 U.S. 1192, 126 S.Ct. 2864, 165 L.Ed.2d 896 (2006). We therefore affirm the district court's decision that Judge Assad had absolute immunity for his actions.

█ The district court also properly determined that Marshal Saavedra had quasi-judicial immunity. Such immunity covers individuals who are "integral parts of the judicial process," *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), or who take action pursuant to a judicial order, *Roland v. Phillips,* 19 F.3d 552, 555–56 (11th Cir.1994). Marshal Saavedra was complying with Judge Assad's order in holding Chrzanowski. Further, Chrzanowski does not allege that Saavedra acted outside the scope of Judge Assad's order such that Saavedra's actions in detaining her would fall outside the scope of quasi-judicial immunity. *See Gillibeau v. City of Richmond,* 417 F.2d 426, 429 (9th Cir.1969); *Haldane v. Chagnon,* 345 F.2d 601, 604 (9th Cir.1965).

Chrzanowski's § 1983 conspiracy claims fail for the same reasons as her other § 1983 claims. *Cf. Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) (as amended).

Finally, Chrzanowski does not address the basis on which the district court dismissed her claims against Las Vegas: that she "failed to identify any inferred or informal policies, procedures, or customs promulgated by Defendant City of Las Vegas that caused its court officers to violate the Plaintiff's constitutional rights." Instead, Chrzanowski makes various arguments regarding state law discretionary immunity from suit. Therefore, she waived her claims against the city on appeal. *Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003). In any event, we agree with the district court that Chrzanowski did not allege a claim that could survive the motion to dismiss.

**AFFIRMED.**