**Eileen PEVIANI, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**NATURAL BALANCE, INC., Defendant.**

**Case No. 10–CV–2451–H (BGS).**

United States District Court, S.D. California.

Feb. 24, 2011.

---

Gregory S. Weston, The Weston Firm, San Diego, CA, for Plaintiff.

James M. Peterson, Higgs Fletcher and Mack, San Diego, CA, Jon Monroy, Monroy Averbuck & Gysler, Westlake Village, CA, for Defendant.

## ORDER DENYING MOTION
## TO DISMISS

MARILYN L. HUFF, District Judge.

On January 6, 2011, Defendant Natural Balance, Inc. ("Natural Balance") filed a

motion to dismiss Plaintiff Eileen Peviani ("Plaintiff")'s complaint. (Doc. No. 8.) On February 14, 2011, Plaintiff filed her opposition to Natural Balance's motion. (Doc. No. 12.) On February 18, 2011, Natural Balance filed its reply. (Doc. No. 15.) The Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 9.) For the reason below, the Court DENIES Natural Balance's motion to dismiss.

### Background

On November 30, 2010, Plaintiff filed a class action against Natural Balance alleging causes of action for violations of California's (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code §§ 17200 et seq. (2) False Advertising Law, ("FAL") Cal. Bus. & Prof.Code §§ 17500 et seq., and (3) Consumer Legal Remedies Act ("CLRA"), Cal. Civ.Code §§ 1770 et seq. (Doc. No. 1, Compl.) In her complaint, Plaintiff alleges that Natural Balance's "Cobra Sexual Energy" dietary supplement contains various false and misleading statements on its labeling. (*Id.* ¶¶ 1, 30–74, 76.) Plaintiff alleges that she relied on these false and misleading statements when purchasing the product for her own and household use causing her economic injury. (*Id.* ¶¶ 2, 8–11, 75–83.)

### Discussion

### I. Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed.2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

### II. Jurisdiction

Natural Balance argues that the Court lacks jurisdiction over Plaintiff's claims because Plaintiff's allegation that the amount in controversy exceeds $5 million dollars is speculative. (Doc. No. 8–1 at 8–9.) Specifically, Natural Balance argues that Plaintiff does not allege the specific amount of economic injury suffered by her and the class. (*Id.* at 8.) Plaintiff argues that the complaint on its face satisfies the amount in controversy requirement. (Doc. No. 12 at 1–2.)

■ The Class Action Fairness Act provides for jurisdiction over civil class actions "in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). The amount in controversy alleged by the plaintiff in the complaint "controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir.2010). "[A] federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Id.*

■ On the face of the complaint, Plaintiff asserts jurisdiction under the Class Action Fairness Act and alleges that the amount in controversy exceeds $5,000,000. (Compl.¶ 5.) In addition, there is no evidence that this amount was pled in bad faith, and it is not obvious that this suit cannot involve that amount. In fact, Plaintiff alleges that the class will include thousands of individuals that have purchased the product throughout the United States. (*Id.* ¶ 90.) Accordingly, the Court declines to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

### III. Plaintiff's UCL, FAL, and CLRA claims

Natural Balance argues that Plaintiff's complaint should be dismissed because her allegations are grounded in fraud and do not meet Rule 9(b)'s heightened pleading requirements. (Doc. No. 8–1 at 4.) Specifically, Natural Balance argues that the complaint fails to satisfy Rule 9(b)'s "when" requirement because it does not state when Plaintiff purchased the product and how many times. (*Id.*) Natural Balance also argues that the complaint fails to satisfy Rule 9(b)'s "how" requirement because Plaintiff does not allege that she ever used the product. (*Id.*) Natural Balance further argues that she could not

have relied on the statements because she is a woman, and the product is a men's formula. (*Id.* at 5.) In addition, Natural Balance argues that the product's labels contain adequate warnings, and that the labels do not contain misrepresentations. (*Id.* at 5–6.)

In response, Plaintiff argues that her complaint meets the heightened pleading requirements of Rule 9(b) by describing in detail why each challenged statement is deceptive. (Doc. No. 12 at 3–4.) Plaintiff argues that she has standing because she suffered an economic injury the moment she purchased the product. (*Id.* at 4–5.) Plaintiff further argues that whether the product was ultimately used by someone else in her household does not alter her injury. (*Id.* at 5.) Finally, Plaintiff argues that Natural Balance's arguments about whether there are misrepresentation on the labels involve questions of fact not appropriately decided on a motion to dismiss. (*Id.* at 8.)

■ California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." *Id.* § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ.Code § 1770. Under these California statutes, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir.2008). In addition, in order to assert a claim under the UCL or FAL, a person must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair competition." Cal. Bus. & Prof.Code §§ 17204 & 17535. Therefore, actual reliance is required to have standing to sue under the UCL or FAL. *Kwikset*

Corp. v. Sup. Ct., 51 Cal.4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011); *In re Tobacco II Cases,* 46 Cal.4th 298, 326, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009).

■ Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103–06 (9th Cir.2003); *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir.2009). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess,* 317 F.3d at 1106. " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.*

■ The Court concludes that Plaintiff's allegations satisfy Rule 9(b)'s heightened pleading requirements. Plaintiff provides the "what" and "who" by identifying "Cobra Sexual Energy" and its labeling as the allegedly deceptive product and Natural Balance as its manufacturer and marketer. (Compl.¶ 1.) Plaintiff provides the "when" by stating that she bought the product this year at a CVS Pharmacy. (*Id.* ¶ 9). Plaintiff provides the "where" and "how" by providing pictures of the product's labels and listing each challenged statement with an explanation of why it is deceptive or fraudulent. (*Id.* ¶¶ 30–74.) *See Von Koenig v. Snapple Beverage Corp.,* 713 F.Supp.2d 1066, 1077 (E.D.Cal.2010) (holding that plaintiff satisfied Rule 9(b) pleading requirements where plaintiff submitted examples of the product's labeling and provided explanations of its deceptiveness).

■ The Court also concludes that Plaintiff has properly alleged reliance and injury in fact. In her complaint, Plaintiff alleges that she suffered an economic injury because she paid more for the product than she would have absent the deceptive statements on its labels. (Compl.¶ 79.) This economic injury for lost money is "a classic form of injury in fact." *Kwikset,* 51 Cal.4th at 323, 120 Cal.Rptr.3d 741, 246 P.3d 877. Plaintiff further alleges that she suffered this injury in fact when she purchased the product after reading and relying on the false and misleading statements contained on the product's label. (Compl.¶¶ 8, 76–83.) These allegations are sufficient to properly plead reliance. *See Laster v. T–Mobile USA, Inc.,* 407 F.Supp.2d 1181, 1194 (S.D.Cal.2005) (stating that reliance requires that the plaintiff allege that she actually saw and read the deceptive statements). Further, despite Natural Balance's assertions, there is no requirement that the purchaser of the product use the product herself to have relied on the statements and suffered an injury. *See Williams v. Gerber Products Co.,* 523 F.3d 934, 939 n. 3 (9th Cir.2008) (finding that plaintiff sufficiently pled claims under the UCL and CLRA based on the purchase of fruit juice snacks for her children's consumption rather than her own). Accordingly, the Court concludes that Plaintiff has established that she has standing to bring her UCL and FAL claims.

■ Finally, with respect to Natural Balance's arguments about whether the labels contain adequate warnings and whether the labels contain misrepresentations, these determinations are questions of fact that should not be decided on a motion to dismiss. *See Williams,* 523 F.3d at 939 (stating that whether a practice is deceptive or fraudulent is generally a

question of fact not appropriate for a motion to dismiss). In conclusion, the Court concludes that Plaintiff has properly alleged claims for violations of the UCL, FAL, and CLRA.

## IV. Puffery

Natural Balance argues that the statements in the complaint are puffery and are not actionable. (Doc. No. 8–1 at 6–7.) Plaintiff argues that the statements do not constitute puffery, and that dismissal is not proper unless Natural Balance can show that all of the statements are puffery. (Doc. No. 12 at 5–6.)

 "Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable" under the UCL, FAL, or CLRA. *Anunziato v. eMachines, Inc.,* 402 F.Supp.2d 1133, 1139 (C.D.Cal.2005); *see Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.,* 911 F.2d 242, 245 (9th Cir.1990); *Williams,* 523 F.3d at 939 n. 3. Puffery involves "outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Cook,* 911 F.2d at 246 (quotations omitted). "While product superiority claims that are vague or highly subjective often amount to nonactionable puffery, 'misdescriptions of specific or absolute characteristics of a product are actionable.'" *Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1145 (9th Cir.1997) (citations omitted). Whether a statement is puffery may be decided as a matter of law on a motion to dismiss.

*Cook,* 911 F.2d at 245. However, it is a "rare situation" where granting a motion to dismiss claims under the UCL is appropriate. *Williams,* 552 F.3d at 939.

 Plaintiff alleges that some of the statements she relied on include: (a) "Cobra Sexual Energy"; (e) " 'aphrodisiac' plants to enhance ... sexual energy"; (g) "Scientifically blending select, high-quality herbs"; (i) "offering specialty supplements that work"; and (k) "proprietary formulas." (Compl.¶ 76.) At this time, the allegations in the complaint appear to be specific rather than generalized or vague. *See Cook,* 911 F.2d at 246. Accordingly, the Court concludes that is not the "rare situation" where the issue should be decided on a motion to dismiss, and the Court declines to dismiss these statements as puffery.[1] *See Williams,* 552 F.3d at 939–40. Further, while the other statements relied on by Plaintiff standing on their own may constitute puffery, those statements contribute "to the deceptive context of the packaging as a whole." *Williams,* 523 F.3d at 939 n. 3. Given their context, the Court declines to dismiss these statements as well. *See id.*[2]

## V. Plaintiff As Class Representative

Natural Balance argues that Plaintiff's complaint should be dismissed because she is not an appropriate class representative. (Doc. No. 8–1 at 9–10.) Plaintiff argues that the question of whether she is an appropriate class representative should not be addressed on a motion to dismiss. (Doc. No. 12 at 9.) The Court agrees with

---

**1.** The Court notes that Natural Balance is free to raise the issue of puffery again on a motion for summary judgment.

**2.** Plaintiff also argues that the statements cannot constitute puffery because FDA policy does not permit a puffery defense for medications. (Doc. No. 12 at 6–8.) In support of

this argument, Plaintiff asks the Court to take judicial notice of several FDA warning letters. (Doc. No. 12–1.) Because the Court does not dismiss Plaintiff's claims as mere puffery, the Court declines to address this argument and declines to take judicial notice of the documents.

Plaintiff. Natural Balance's arguments about class representation are more appropriate in opposition to a motion to certify a class rather than on a motion to dismiss. *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir.1969) ("compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim"). Accordingly, the Court declines to dismiss Plaintiff's complaint on this basis.

### Conclusion

For the reasons above, the Court DENIES Natural Balance's motion to dismiss.

**IT IS SO ORDERED.**