KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent.
We review a 12(b)(6) dismissal de novo,[1] and can affirm on any ground, regardless of whether the district court relied on it.[2]
This complaint violated Federal Rule of Civil Procedure 8(a)(2). The Rule requires a “short and plain statement of the claim showing that the pleader is entitled to relief.”[3] We are indulgent with pro se complaints, but even for them, there are limits.
The Merritt complaint is neither “short” nor “plain.” It is 68 pages long, 398 paragraphs. Nor were they deprived of opportunities to clarify what their claims were. Though they call the complaint their “Second Amended Complaint,” the truth is that it is their fifth version. They got leave to file this version of their complaint by filing a motion explaining that the amendments would be “clarifications,” along with a “stipulation” to which Countrywide did not stipulate. The leave to amend they thus obtained mooted out Countrywide’s pending motion to dismiss, so it was not adjudicated. The plaintiffs then filed their amended complaint which was materially different from the one submitted to the district court with their motion for leave to amend. Far from “clarifying” their previous complaints, this new complaint added an additional 69 paragraphs, 16 pages, and yet another cause of action.
We have articulated five factors for evaluating whether a plaintiff should be given leave to amend: “(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether *1042 plaintiff has previously amended, his complaint.” [4] We have held that the “district court’s discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.”[5] Here, the Merritts have submitted five different complaints to the district court. Further amendment would unduly prejudice the defendants. The defendants have responded to two of the Merritts’ five prolix, incomprehensible complaints, doubtless at great expense for their own lawyers. Defendants have filed numerous motions addressing those complaints, for violation of Rule 8, misrepresentations, failure to state claims upon which relief may be granted, and lack of appropriate service. That is a lot of wasted money. Plaintiffs imposed this unfair prejudice on defendants by their vague prolixity and multiple filings.
The Merritts’ most recent amendments made their complaint even more prolix, and less “short and plain.” Countrywide’s combined motion to strike and dismiss placed the Merritts on notice that their complaint failed to comply with Rule 8, but they made no attempt to bring their complaint into compliance with the rules. Because of this history, dismissal with prejudice was justified. Although dismissal with prejudice for failure to comply with the rules requires consideration of less drastic alternatives,[6] here there were none, as it did not appear that plaintiffs were prepared, even after five tries, to make a short and plain statement of claims for which they were entitled to relief. Their misleading stipulation had already burdened Countrywide with the need to brief a second motion to dismiss. Allowing the Merritts a sixth attempt to plainly state their claims would be too prejudicial to the defendants to be a fair alternative under these circumstances.
The majority opinion does a heroic job of stating claims clearly on behalf of the Merritts. But plaintiffs did not state them. It is not fair to defendants to perform these legal services for plaintiffs, even pro se plaintiffs, where the plaintiffs do not evidently have good claims. “Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge’s, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. [T]he rights of the defendants to be free from costly and harassing litigation must be considered.”[7]
If plaintiffs had what looked like a strong claim that ought to be adjudicated on the merits, judicial creation of a complaint for them might not be so unfairly prejudicial.[8] But they do not. What they *1043 appear to be saying in their 398-paragraph complaint is that they bought a $729,000 house, and borrowed $739,000 for it, because the seller lowballed them into thinking they were going to get the house for $719,000. They seem to be saying that Countrywide’s agent persuaded them to lie, which they did, in their loan application, such as by saying that Mrs. Merritt was employed when she was actually receiving disability payments (later terminated). And they seem to be saying that because they were minorities they were offered a more ample adjustable rate mortgage instead of a less ample fixed rate mortgage loan than they would otherwise be entitled to.
Were we limited to 12(b)(6) dismissal, we would have to assume for purposes of decision that the plausible factual statements (but not the legal conclusions and editorializing rhetoric) in the complaint were true.[9] We are not so limited under Rule 8 analysis, which I suggest ought to be applied. Under Rule 12 analysis, some of the claims are plausible at least in part. Obviously, if Countrywide did not properly provide the loan papers to the Merritts, a claim if timely could be made. Tender of the full amount received is not in all circumstances a sine qua non for a pleading claiming rescission, though some sort of equitable judgment requiring tender must be made if rescission is granted, to assure that the plaintiff does not get to keep what it bought and also get all the money back.[10]
It is hard to say whether plaintiffs even seek a rescission remedy that could be allowed. The prayer in their complaint seeks a return of all the money they have “invested in their property,” plus compensatory damages, plus $2,000,000 in punitive damages, plus a “prime loan at current market rates” (far lower than the housing bubble interest rates that prevailed when they bought their $729,000 house), or for them to be able to walk away with the reimbursements and damages. Their appellate brief is more modest, but was not before the district court.
Their pleading seems to say that they have been living in a $729,000 house for what is now almost six years without paying anything toward the price. If they got past their Rule 8 problems, and their Rule 12 problems, their equities appear to be weak. The Merritts have had five chances to state this claim. Prejudice and futility counsel against giving them a sixth try. We ought to let the dismissal with prejudice stand.

. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir.2004).

. Janicki Logging Co. v. Mateer, 42 F.3d 561, 564 (9th Cir.1994). The majority cites dicta in Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir.1969), a 1969 case, for the proposition that we should not, in the first instance, affirm a dismissal on Rule 8 grounds where the district court did not act upon the Rule 8 motions. On the other hand, we said, possibly in dicta, but possibly in holding, in a 1988 case, Sparling v. Hoffman Construction Co., 864 F.2d 635, 640 (9th Cir.1988), that even if the pleading did state a claim upon which relief could be granted, "the complaint would be deficient under Rule 8(a) of the Federal Rules of Civil Procedure which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.’ ” In the case before us, the court noted that the Merritts’ second amended complaint was "mostly unintelligible.” The district court further noted that, the Merritts’ allegations and claims purported to be “made, at least in part, ‘hypothetically.’ ” It took note of the defendant’s motion to dismiss under Rule 8, but treated it as moot, because of the dismissal for failure to state a claim under Rule 12. I think we should affirm on Rule 8 grounds, and may, under Sparling.

.Fed.R.Civ.P. 8(a)(2).

. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990) (emphasis added).

. Id. (quoting Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989)).

. See, e.g., Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).

. McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir.1996) (internal quotation marks omitted) (alteration in original).

.See, e.g., Von Poppenheim v. Portland Boxing & Wrestling Comm’n, 442 F.2d 1047, 1052 n. 4 (9th Cir.1971) ("Since harshness is a key consideration in the district judge’s exercise of discretion, it is appropriate that he consider the strength of a plaintiffs case if such information is available to him before determining whether dismissal with prejudice is appropriate.”).

. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.2012).

. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171, 1173 (9th Cir.2003).