**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS STEPHEN FRENCH, | No. 08-35892 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00528-HA |
| v. | |
| CYNTHIA D. CARLSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Douglas Stephen French, an Oregon state prisoner, appeals pro se from the

district court's judgment dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) his

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

action under 42 U.S.C. § 1983 alleging that defendants unlawfully amended a judgment in his state criminal case in order to impose consecutive sentences. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed the claims against the state judge on grounds of judicial immunity because the state judge was not acting in the "clear absence" of jurisdiction. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

The district court properly dismissed the claims against the district attorney defendants on grounds of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process").

The district court properly dismissed the claims against the public defender because French alleged no facts demonstrating the public defender was acting under color of state law when he represented French. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (explaining that state public defender performing traditional lawyer functions was not a state actor under section 1983).

Our review of the record indicates that French did not demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

French's remaining contentions are unpersuasive.

**AFFIRMED.**