GOULD, Circuit Judge:
Plaintiff-Appellant, Jeanette Faye Sado-ski, appeals the district court’s order dismissing her complaint for damages and injunctive relief under 42 U.S.C. § 1983. Sadoski alleges that Defendant-Appellee, Judge Donald M. Mosley, after sentencing Sadoski to a twelve-month term of incarceration for attempted theft, unlawfully re-sentenced her to a term of incarceration between twelve and thirty-two months, subjecting Sadoski to double jeopardy in violation of her federal and state constitutional rights. Sadoski further alleges that Defendants-Appellees Stewart Bell, David Roger, Jackie Crawford, and Clark County violated Sadoski’s protection against double jeopardy by seeking or executing the more severe sentence.
The district court concluded that Judge Mosley was entitled to absolute immunity for his actions in Sadoski’s case and that Judge Mosley’s immunity protected the other defendants as well. The district court also concluded that Sadoski did not have standing to assert a class claim for injunctive relief. The district court dismissed Sadoski’s suit pursuant to Fed. R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
*1078 I
At the time of the events underlying this appeal, Donald Mosley served as a judge of the criminal division for the Eighth Judicial District of Nevada. In October 1999, with Judge Mosley presiding, Sado-ski pleaded guilty to attempted theft. Under Nevada law, Judge Mosley had discretion to find Sadoski guilty of either a gross misdemeanor or a felony. On June 7, 2000, Judge Mosley signed a Judgment of Conviction finding Sadoski guilty of a gross misdemeanor and sentencing her to a twelve month term of incarceration, which Judge Mosley suspended in favor of probation for an indeterminate period of time not to exceed three years.
Judge Mosley later learned that he had misunderstood Sadoski’s criminal history when he sentenced her. Between Sado-ski’s guilty plea and her sentencing, Sado-ski had been arrested and charged with possession of a controlled substance with intent to sell. This information was not reflected in the sentencing report on which Judge Mosley relied when he sentenced Sadoski, and Sadoski’s counsel did not inform Judge Mosley of the pending charges.
When Judge Mosley realized that he had sentenced Sadoski based on incomplete information, Judge Mosley decided to re-sentence Sadoski to a longer term of incarceration. On November 20, 2000, Judge Mosley signed a second Judgment of Conviction, finding Sadoski guilty of a felony and sentencing her to a term of incarceration not to exceed thirty-two months with a minimum parole eligibility of twelve months. Judge Mosley suspended the sentence, imposing instead an indeterminate period of probation not to exceed three years.
On August 7, 2001, the Nevada Supreme Court issued an unpublished order in Steinberg v. State, addressing a Nevada district court’s authority to modify a sentence after a defendant had begun serving it. Citing Edwards v. State, 112 Nev. 704, 918 P.2d 321 (1996), the Nevada Supreme Court recognized that Nevada district courts have jurisdiction to modify a sentence that was “based on mistaken assumptions about a defendant’s criminal record which work to the defendant’s extreme detriment.” See id. at 324. In Steinberg, the Nevada Supreme Court concluded that a Nevada district court did not have jurisdiction to modify a sentence where the mistaken assumption underlying the sentence disadvantaged the State rather than the defendant. Sadoski contends that Judge Mosley, as well as defendants Bell and Roger, received copies of this order, and that Defendants knew that the Nevada Supreme Court had prohibited re-sentencing a defendant under circumstances that were factually analogous to Sadoski’s case.
On October 17, 2001, the Clark County District Attorney requested that Judge Mosley revoke Sadoski’s probation. On November 13, 2001, Judge Mosley granted the District Attorney’s request and issued an Order for Revocation of Probation and Amended Judgment of Conviction, subjecting Sadoski to the sentence imposed on November 20, 2000: a term of incarceration of up to thirty-two months, at least twelve months of which Sadoski would have to serve before she could qualify for parole.
*1079 In October 2002, Sadoski filed a Motion to Correct Illegal Sentence. Judge Mosley denied the motion and Sadoski appealed. The Nevada Supreme Court reversed this decision and ordered Judge Mosley to reinstate Sadoski’s original, June 7, 2000, sentence. On July 16, 2003, Judge Mosley did so and Sadoski was released from incarceration. In October 2003, Sadoski filed this civil action asserting a violation of her civil rights guaranteed by the Constitution and 42 U.S.C. § 1983.
II
Although judges usually are immune from suits for damages based on their judicial conduct, a judge who acts “in the ‘clear absence of all jurisdiction’ ” is not entitled to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871)); Mullís v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir.1987). Sadoski contends that Judge Mosley acted in the clear absence of all jurisdiction when he modified her sentence to extend the term of her incarceration. We disagree.
Judge Mosley retained subject matter jurisdiction over Sadoski’s conviction for attempted theft after she began serving her sentence. Under Nevada law, Judge Mosley had jurisdiction to modify Sado-ski’s sentence, even after she had begun serving it, if the sentence was “based on mistaken assumptions about a defendant’s criminal record which work[ed] to the defendant’s extreme detriment.” Edwards, 918 P.2d at 324. Here, however, the mistaken assumption on which Judge Mosley relied did not work to Sadoski’s detriment, but to the State’s. Accordingly, as the Nevada Supreme Court later ruled, Judge Mosley did not have jurisdiction to extend the term of Sadoski’s incarceration. Because we are reviewing a district court’s order pursuant to Fed.R.Civ.P. 12(b)(6), we credit Sadoski’s allegation that Judge Mosley knew the limits of his jurisdiction when he modified Sadoski’s sentence. But the United States Supreme Court has stated clearly that “[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority....” See Sparkman, 435 U.S. at 356, 98 S.Ct. 1099. Although we assume for purposes here that Judge Mosley acted in excess of his jurisdiction when he modified Sadoski’s sentence to impose a longer term of incarceration,[2] we conclude that he did not act in the clear absence of all jurisdiction. As the Supreme Court said more than a century ago “[if a criminal judge] should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction.... ” See Bradley, 80 U.S. (13 Wall.) at 352, 20 L.Ed. 646. We hold that Judge Mosley is entitled to absolute immunity for the conduct underlying Sadoski’s complaint.
The district court did not consider whether the other defendants were entitled to immunity because the district court accepted Sadoski’s concession that her claims against the other defendants would fail if Judge Mosley was entitled to absolute immunity. Sadoski makes the same concession on appeal, which we accept. Accordingly, we conclude that the district court was correct to dismiss Sadoski’s claims against defendants Bell, Roger, and Crawford.
Sadoski’s claim against Clark County also fails. Because Sadoski does not con *1080 tend that Clark County maintains a policy or custom pertinent to her alleged injury, and because Sadoski does not explain how such a policy caused her injury, Sadoski’s claim against Clark County cannot succeed as a matter of law. See Monell v. Dep’t of Soc.. Seros., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
Because Sadoski is no longer incarcerated pursuant to an unlawfully modified sentence, her class claims fail because, as the district court recognized, Sadoski. no longer has a personal stake in the outcome of this litigation. See Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).
AFFIRMED.

. We review de novo a district court's determination that a judge is protected by absolute *1078 immunity. See Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). We also review de novo a district court's order dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6). See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.2003). For purposes of our review, we assume that Sadoski's factual allegations are true, and we analyze them in the light most favorable to her claims. See Cervantes v. United States, 330 F.3d 1186, 1187 (9th Cir. 2003).

. Although malice alone is not sufficient to deprive a judge of absolute immunity, we note that the record does not show malice, but only mistake.