Mark WILSON, Plaintiffs,

v.

Mike POULOS, Lori Di Carlo, Matthew Cate, James Tilton, Roderick Hickman, et al., Defendants.

Case No. 08–CV–1412 JLS (JMA).

United States District Court, S.D. California.

March 2, 2010.

Dwight F. Ritter, Karen Albence, Ritter & Associates, San Diego, CA, for Plaintiff.

Attorney General, State of California Office of the Attorney General, Michelle Desjardins, Office of the Attorney General, San Diego, CA, for Defendants.

## ORDER: GRANTING DEFENDANT'S MOTION TO DISMISS

(Doc. No. 14)

JANIS L. SAMMARTINO, District Judge.

Presently before the Court is Defendant Mike Poulos's motion to dismiss this matter. (Doc. No. 14.) Also before the Court are Plaintiff's opposition and Defendant's reply. (Doc. Nos. 17 & 19.) Having fully

reviewed this matter, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff Mark Wilson "was convicted and sentenced to two years in state prison for a crime of Penal Code Section 288 a(b)(1)" on June 14, 1991. (Doc. No. 1 (Compl.) ¶ 10.) "Subsequently, after serving his prison time, [Plaintiff,] on a number of occasions from August of 1997 to 2006, was arrested and sentenced to the California Institution for Men for violating Penal Code Section 290, the failure to register as a sex offender. On August 8, 2006, plaintiff . . . was released from custody pursuant to a court order which determined that conviction and imprisonment under Penal Code 290 was in violation of the equal protection clause under (sic) the constitution[ ]." (*Id.*) Plaintiff alleges that because the law under which he was convicted was unconstitutional, he was "wrongfully imprisoned for approximately 52 months and 20 days at California Institution for Men." (*Id.*)

Plaintiff filed this action on August 5, 2008. (Doc. No. 1.) Defendant Poulos filed a motion to dismiss on October 30, 2008. (Doc. No. 3.) On November 20, 2008, the Court stayed this matter pending a decision by the California Victim Compensation Board. (Doc. No. 5.) The Court thrice extended this stay, until it finally lifted on January 4, 2010. Subsequently, Defendant Poulos refiled his motion to dismiss on January 7, 2010. (Doc. No. 14.) Plaintiff's opposition and Defendant's reply were filed on January 27, 2010 and January 29, 2010 respectively. (Doc. Nos. 17 & 19.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955); *see also* Fed.R.Civ.P. 12(b)(6). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts " 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Further, the Court need not accept as true

"legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

### I. CONSTITUTIONAL CLAIMS UNDER 42 U.S.C. § 1983

Plaintiff's first cause of action alleges violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution. (Compl. ¶ 12.) He further alleges that the Defendants "were acting under color of law." (*Id.* ¶ 14.) His specific complaints are (1) that he was unreasonably seized in violation of the Fourth and Fourteenth Amendments, (2) denied due process of law and equal protection under the Fifth and Fourteenth Amendments, and (3) subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (*Id.* ¶ 18.)

42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws of the United States. Section 1983 is not a source of substantive rights, but merely a method for vindicating federal rights established elsewhere. *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

#### a. Official Capacity Damages Claims

Plaintiff brings constitutional claims against Defendant Poulos in both his official and individual capacity. The United States Supreme Court has held that claims for damages against an officer in his official capacity are barred as a matter of law because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (citations omitted). Thus, as Plaintiff concedes, the official capacity claims for damages must be **DISMISSED WITH PREJUDICE.**

#### b. Absolute Immunity

■ Defendant also argues that he is absolutely immune from the claims against him in his individual capacity. Citing *Sadoski v. Mosley,* 435 F.3d 1076 (9th Cir. 2006), he argues that "absolute immunity [is due] to correctional officials who follow a facially valid court order." (Memo. ISO Motion at 4.) "California Penal Code section 1202a mandates that a judgment for imprisonment in state prison directs delivery of the defendant into the custody of correctional officials." (*Id.*) And there was no indication prior to the decision in *People v. Hofsheier,* 37 Cal.4th 1185, 39 Cal. Rptr.3d 821, 129 P.3d 29 (2006), that Plaintiff's conviction or sentence was invalid.

Although the Ninth Circuit has never passed on this question, the Eighth Circuit found that a prison warden is absolutely immune when he "simply confined [the plaintiff] pursuant to a facially valid order of conviction." *Patterson v. Von Riesen,* 999 F.2d 1235, 1240 (8th Cir.1993). In *Patterson v. Von Riesen,* the plaintiff was convicted of "a crime for which he was neither charged nor indicted." *Id.* at 1236. Subsequently, a federal district court granted his petition for habeas corpus and he was released from custody. *Id.* at 1237. The plaintiff then filed suit "against the prosecutors, for failing to object to the improper jury instructions; [the] County,

for ratifying the prosecutors' actions; members of the Nebraska Parole Board, for denying his requests for parole; and the wardens of the penal institution at which he was confined, for wrongfully confining him and failing to investigate or approve his requests for parole." *Id.*

In reviewing his claims against the wardens, the Eighth Circuit concluded "that the wardens are cloaked with absolute immunity for continuing to incarcerate a prisoner pursuant to a valid court order in the face of his claim that he was wrongfully convicted." *Id.* at 1239. It came to this conclusion using the Supreme Court's two-step approach to absolute immunity. It first found "that at common law, jailers were absolutely immune from damages for confining a prisoner pursuant to a valid order of confinement." *Id.* at 1239–40. A number of cases supported this conclusion including *Francis v. Lyman,* 216 F.2d 583 (1st Cir.1954), which noted that the "the privilege of a jailor to hold a prisoner pursuant to a judicial process regular on its face and issued by a court of competent jurisdiction 'quite as time-honored in the Anglo–American common law as is the immunity of members of the legislature and of judges from civil liability for acts done within the sphere of their judicial activities.'" *Patterson,* 999 F.2d at 1239 (quoting *Francis,* 216 F.2d at 588–89); *see also Martin v. Collins,* 165 Mass. 256, 43 N.E. 91 (1896); *Rush v. Buckley,* 100 Me. 322, 61 A. 774 (1905); *Langen v. Borkowski,* 188 Wis. 277, 206 N.W. 181 (1925); *Ravenscroft v. Casey,* 139 F.2d 776, 778 (2d Cir.1944); *Hoffman v. Halden,* 268 F.2d 280, 300 (9th Cir.1959); *Rhodes v. Houston,* 202 F.Supp. 624, 636 (D.Neb.1962).

As to the second step, the court found "that nothing counsels against absolute immunity for jailers in § 1983 actions alleging wrongful confinement" and that "absolute immunity is necessary." *Id.* at 1240. In light of the plaintiff "in effect[,]

seek[ing] to impose liability on these wardens if they knew or were reckless in not determining that his conviction was invalid," the Court identified three problems necessitating immunity. *Id.* "First, because the judge and parole officers have absolute immunity, wardens are likely to be the focus of suits challenging the fact of confinement." *Id.* "Second, such liability is simply unfair. Whether or not the warden believes a prisoner's conviction to be invalid, he is still under a court order to confine the prisoner." *Id.* "Finally, such suits present a serious threat to the integrity of the judicial process. As one court has noted, '[t]he fearless and unhesitating execution of court orders is necessary if the court's authority and ability to function are to remain uncompromised.'" *Id.* (citing *Coverdell v. Dep't of Soc. & Health Servs.,* 834 F.2d 758, 765 (9th Cir. 1987)). Thus, the court concluded "that a warden is absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement." *Id.* at 1241.

Although the Ninth Circuit has not weighed in on this issue, Judge Gould approved of this reasoning in a recent concurring opinion:

We have not considered whether a type of absolute immunity applies to a corrections official who imprisons a defendant pursuant to a facially valid judicial order. We have said, however, that "[t]he fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." *Coverdell v. Dep't of Soc. & Health Servs.,* 834 F.2d 758, 765 (9th Cir.1987) (concluding that a social worker who sought, obtained, and executed a court order to remove a child from her mother's care was entitled to absolute quasi-judicial immunity). If this issue were reached, I would agree

with the Eighth Circuit that a corrections official who executes a valid court order is entitled to absolute immunity from liability based on the fact of a prisoner's incarceration. *See Patterson v. Von Riesen,* 999 F.2d 1235, 1241 (8th Cir.1993) ("We simply conclude that a warden is absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement."). Permitting Sadoski's suit to proceed against Crawford would create a risk of harassing litigation aimed at corrections officials who are entitled to absolute immunity when they follow a facially valid court order. This, again, would be true even if Judge Mosley had acted in a clear absence of all jurisdiction.

*Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir.2006) (Gould, J., concurring). Moreover, this Circuit expressed a similar view in a ruling that predates (and has been superseded by) modern section 1983 jurisprudence:

> We think the failure of a jailor or keeper to release a prisoner held on a warrant or commitment cannot be the basis for a civil rights action regardless of allegations of malice, motive or intent. His act is required by law. Even if the statute were later held void or the conviction later set aside, so long as he acted under authority of the writ or warrant, he was performing a duty which the law at that time required him to perform.

*Hoffman,* 268 F.2d at 300.

Having considered these authorities, the Court must agree that Defendant Poulos is entitled to absolute immunity in this matter. As the *Patterson* court found, this is one of the rare cases where the Supreme Court's test for absolute immunity is satisfied.

Plaintiff's arguments to the contrary are unpersuasive. His brief simply states that Defendant is not entitled to judicial immunity, but does not explain why other than to claim that *Sadoski* is inapplicable. Although *Sadoski* did not state that a warden is entitled to absolute immunity, neither does it imply that he would not be entitled to such immunity. Further, Plaintiff does not address *Patterson* or the two part test identified in *Malley v. Briggs,* 475 U.S. 335, 339–40, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

At oral argument, Plaintiff also argued that absolute immunity should be denied because it would leave him without a remedy for his unconstitutional confinement. However, the question is not Plaintiff's opportunity to recover but only whether he may recover against this particular Defendant. And, even if Plaintiff were correct in his argument, that would not overcome the substantial practical problems that would arise out of permitting this type of liability.

In sum, Defendant Poulos is entitled to absolute immunity. Therefore the Court **GRANTS** his motion to dismiss and **DISMISS** this matter **WITH PREJUDICE.** However, to make clear, this holding is limited in the same fashion as *Patterson's.* Specifically, a warden is *only* entitled to absolute immunity against "damages flowing from the *fact of a prisoner's incarceration,* when that incarceration occurs pursuant to a *facially valid order of confinement." Patterson,* 999 F.2d at 1241 (emphasis added).

### c. Qualified Immunity

 However, even if Defendant Poulos were not entitled to absolute immunity, he would still be protected under qualified immunity. Qualified immunity is a question of law. *Johnson v. County of Los Angeles,* 340 F.3d 787, 791 (9th Cir.2003);

*Nunez v. Davis,* 169 F.3d 1222, 1229 (9th Cir.1999). "[T]he basic purpose of qualified immunity is . . . to spare individual officials the burdens and uncertainties of standing trial in those instances where their conduct would strike an objective observer as falling within the range of reasonable judgment." *Gooden v. Howard County,* 954 F.2d 960, 965 (4th Cir.1992) (citing *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). It "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* ── U.S. ──, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The test for determining whether a defendant enjoys qualified immunity has two prongs: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right, and (2) was that constitutional right clearly established in the context faced by the defendant? *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the plaintiff fails to establish these two prongs, the official is entitled to qualified immunity. *See Pearson,* 129 S.Ct. at 818 (a court need not address these two prongs in the order given).

■ Defendant Poulos's entitlement to qualified immunity is clear under the second prong of the *Katz* test.[1] The "clearly established" inquiry requires the Court to look to the time of the events in question. *Callahan,* 129 S.Ct. at 816. To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Lindsey v. City of Orrick,* 491 F.3d 892, 902 (8th Cir.2007). "It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). The key distinction between whether a constitutional violation occurred and whether that right was clearly established is that the right violated must "be defined at the appropriate level of specificity before a court can determine whether it was clearly established." *Craighead v. Lee,* 399 F.3d 954, 962 (8th Cir.2005) (citing *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151). "To be established clearly, however, there is no need that 'the very action in question [have] previously been held unlawful.'" *Safford Unified Sch. Dist. No. 1 v. Redding,* ── U.S. ──, 129 S.Ct. 2633, 2643, 174 L.Ed.2d 354 (2009) (quoting *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). "If the law at [the] time [of the purported constitutional violation] did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau,* 543 U.S. at 198, 125 S.Ct. 596.

■ The relevant situation confronted in this case is the confinement of an individual under a facially valid order of confinement based upon a facially valid law. The parties offer no cases that speak to this situation or suggest that Defendant acted unconstitutionally. However, that is not surprising given the nature of this inquiry. Specifically, it was impossible for Warden Poulos to know that the statute under which Plaintiff was validly convicted

---

1. Although the Court does not consider the first prong of the qualified immunity test, that should not be viewed as a finding that Defendant Poulos's conduct violated Plaintiff's constitutional rights.

would later be declared unconstitutional. Without that knowledge, no "reasonable officer would understand that what he [was] doing violate[d]" Plaintiff's rights. *Lindsey*, 491 F.3d at 902. Since this right was not clearly established at the time of Plaintiff's incarceration, Defendant Poulos is entitled to qualified immunity.

Plaintiff does not persuade the Court by arguing that "Warden Poulos should have been aware that" the law under which Plaintiff was convicted involved "clearly unequal treatment." (Opp. at 8.) As previously stated, a law is not clearly established unless a court has defined the particular right at issue at an "appropriate level of specificity." *Craighead*, 399 F.3d at 962. "Should have known" is inadequate to clearly establish a constitutional right. Nor can *Hofsheier* serve to clearly establish the right, because it did not exist at the time of the alleged constitutional violation. *Callahan*, 129 S.Ct. at 816. Plaintiff has failed to proffer any showing that could possibly demonstrate the clear establishment of this right.

Since no right that Plaintiff asserts in this case was clearly established at the time of his incarceration, Defendant's motion to dismiss must be **GRANTED.** Further, since Defendant Poulos is entitled to qualified immunity, the claim must be **DISMISSED WITH PREJUDICE.**

II. CALIFORNIA STATE LAW CLAIMS

Plaintiff's second and third causes of action arise under state law. However, since this Court has dismissed the only federal cause of action, it declines to exercise supplemental jurisdiction over the remaining state law causes of action. 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's second and third causes of action are **DISMISSED WITHOUT PREJUDICE.**

**CONCLUSION**

For the reasons stated, the Court **GRANT** Defendant's motion to dismiss. Plaintiff's first cause of action is **DISMISSED WITH PREJUDICE** and his second and third causes of action are **DISMISSED WITHOUT PREJUDICE.** This Order concludes the litigation in this matter. The Clerk shall close the file.

IT IS SO ORDERED.