**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOREL ROTAR, | No. 09-17457 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02399-MCE-GGH |
| v. | |
| COLETTE SKAGGS, Placer County Deputy District Attorney; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 8, 2011**

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Viorel Rotar appeals pro se from the district court's judgment dismissing under

28 U.S.C. § 1915(e)(2) his 42 U.S.C. § 1983 action alleging that he was falsely

charged with and prosecuted for elder abuse.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1998) (order), and we affirm.

The district court properly dismissed Rotar's claims against eight state and federal judges based on judicial immunity because the judges were not acting in the "clear absence" of jurisdiction. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

The district court properly dismissed Rotar's claims against the deputy district attorney based on prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are entitled to absolute immunity under § 1983 for "initiating a prosecution and in presenting the State's case").

The district court properly dismissed Rotar's claims against the private defendants because Rotar failed to allege that they acted under color of state law. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of civil rights claim against private defendant where there were only conclusory allegations of conspiracy with government officials).

The district court properly dismissed Rotar's allegations against the remaining defendants as too vague and conclusory to state a civil rights claim. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Rotar's remaining contentions are unpersuasive.

**AFFIRMED.**

09-17457