**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN JOSEPH BASSEL, | No. 10-16470 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02107-MHB |
| v. | |
| ROBERT E. MILES, individually and in his official capacity as Superior Court Judge, Maricopa County, Arizona; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding[**]

Submitted September 27, 2011[***]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Allen Joseph Bassel appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman*); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (judicial immunity). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

To the extent that Bassel's claims are based on the premise that the state court decisions were erroneous, the district court properly dismissed the claims as barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

To the extent that Bassel's claims are not barred under *Rooker-Feldman*, defendants are immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Sadoski*, 435 F.3d at 1079 (judges are absolutely immune from suits for damages based on their judicial

conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n.27 (9th Cir. 2002) ("'The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state . . . .'" (citation omitted)).

Bassel's remaining contentions are unavailing.

All pending motions are denied.

**AFFIRMED.**