**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENEE STEPHENS,

                Plaintiff - Appellant,

    v.

STATE OF OREGON, by and through its
Judicial Department; et al.,

           Defendants - Appellees.

No. 11-35971

D.C. No. 3:11-cv-01013-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Renee Stephens appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that six current and former state court judges

violated his state and federal constitutional rights by ruling against him in a prior

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal was proper because Stephen's action is barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

Moreover, the district court properly dismissed Stephens's action because defendants are immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("'The Eleventh

Amendment bars suits which seek either damages or injunctive relief against a state . . . .'" (citation omitted)).

The district court did not abuse its discretion in dismissing without leave to amend because the complaint cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**