FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL HUPP, | No. 12-55175 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02337-IEG-RBB |
| v. | |
| JEFFREY HOWARD FREEDMAN, individually and in his official capacity as "Pro Tem Administrative Law Judge", individually, jointly, and severally, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted April 7, 2014[**]

Before:      TASHIMA, GRABER, and IKUTA, Circuit Judges.

Paul Hupp appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging constitutional violations and state law claims in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

connection with the denial of his application for a temporary teaching permit. We review de novo. *Sadosky v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We affirm.

The district court properly dismissed Hupp's action because Freedman is entitled to judicial immunity. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) (explaining that judges functioning in their judicial capacities are generally entitled to judicial immunity and setting fourth factors for determining whether an official's functions are quasi-judicial in nature); *Hirsch v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (per curium) (concluding that administrative law judges are entitled to quasi-judicial immunity); *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368-70 (9th Cir. 1981) (extending judicial immunity to a pro tem judge and discussing the distinction between acts taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction").

**AFFIRMED.**