**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD JULIAN HANSON; KATHY ANN HANSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> PALEHUA COMMUNITY ASSOCIATION; GARY WB CHANG, <br><br> Defendants - Appellees. | No. 13-15874 <br><br> D.C. No. 1:12-cv-00616-JMS-RLP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Ronald Julian Hanson and Kathy Ann Hanson appeal pro se from the district

court's judgment dismissing their action alleging federal and state law violations

arising out of a prior state court action.  We have jurisdiction under 28 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under *Rooker-Feldman* doctrine); *Sadoski v. Mosley*, 435 F.3d 1076, 1077, n.1 (9th Cir. 2006) (judicial immunity). We affirm.

The district court properly dismissed the Hansons' claims against defendants alleging injuries from the prior state court judgment for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims amounted to a forbidden "de facto appeal" of the prior state court judgment and raised issues that were "inextricably intertwined" with that state court judgment. *Noel*, 341 F.3d at 1163-65; *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine the state court's decision was wrong and thus void").

The district court properly dismissed the Hansons' claim for invasion of privacy against Judge Chang because Judge Chang was entitled to absolute judicial immunity. *See Sadoski*, 435 F.3d at 1079 (judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in denying the Hansons'

recusal motion because the Hansons' allegations regarding bias were conclusory and Judge Seabright's denial of the Hansons' motions was not a proper basis for a recusal motion. *See Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003) (setting forth standard of review); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We do not consider issues that were not distinctly and sufficiently raised and argued in the Hansons' opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Hansons' request to strike the Palehua Community Association's answering brief, as set forth in their reply brief, is denied.

The Hansons' ex parte emergency motion for a temporary restraining order, filed on March 11, 2015, is denied.

**AFFIRMED.**