**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN RENE MOORE, | No. 13-55935 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-03140-ODW-OP |
| v. | |
| RICHARD FRUIN, an individual; HONORABLE RICHARD FRUIN, in his official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Ivan Rene Moore appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging due process and equal protection

violations by the state court judge who presided over an unlawful detainer action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

involving Moore. We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Moore's claims for damages because defendant is immune from damages liability for his judicial actions. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (judges are absolutely immune from suits for damages based on judicial conduct unless acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)). We reject Moore's contention that he alleged non-judicial conduct that would not be covered by judicial immunity.

The district court properly dismissed Moore's claims for injunctive relief because Moore failed to allege facts sufficient to show that a declaratory decree was violated. *See* 42 U.S.C. § 1983; *see also Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (9th Cir. 2014) (per curiam) ("We . . . need not accept as true legal conclusions contained in the complaint.").

Dismissal of Moore's claims for declaratory relief was proper because the requested declaratory relief would not clarify any legal relations or resolve any controversy between the parties. *See United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam) ("Declaratory relief should be denied

13-55935

when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.").

The district court did not abuse its discretion in denying leave to amend after concluding that amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

Because we affirm on the grounds discussed above, we do not reach Moore's contentions regarding the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, or the merits of his underlying claims.

**AFFIRMED.**