**Anna QUINATA, Plaintiff–Appellant,**

v.

**Rhonda A. NISHIMURA, in her individual capacity; et al., Defendants–Appellees.**

No. 13–17023.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Anna Quinata, Kaneohe, HI, pro se.

Robyn B. Chun, Esquire, Deputy Assistant Attorney General, AGHI–Office of the Hawai'i Attorney General, Theodore D.C. Young, Megan Akemi Suehiro, Peter William Olson, John Duchemin, Cades Schutte LLP, Honolulu, HI, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

**MEMORANDUM** **

Anna Quinata appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action arising from state court proceedings to repossess an automobile. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005). We affirm.

The district court properly dismissed Quinata's claims against Judge Nishimura because Judge Nishimura is immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Sadoski v. Mosley,* 435 F.3d 1076, 1079 (9th Cir.2006) (judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)).

The district court properly dismissed Quinata's claims against the remaining defendants because Quinata failed to allege facts sufficient to show that those defendants violated her rights by seeking an ex parte order for the immediate possession of the automobile. *See* Haw.Rev.Stat. Ch. 654; *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 605–07, 610, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (upholding a sequestration statute that did not require pre-deprivation

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

notice or an opportunity to be heard where the statute contained other procedural safeguards creating a "low risk of wrongful determination of possession").

**AFFIRMED.**

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.