**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 17-16988 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01607-JST |
| v. | |
| TANI G. CANTIL-SAKAUYE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 15, 2018**

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's order dismissing sua sponte his action arising from state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine); *Sadoski v. Mosley*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (dismissal on the basis of judicial immunity). We affirm.

The district court properly dismissed Kinney's claims for damages on the basis of judicial immunity and Kinney's claims for injunctive and declaratory relief as barred by the *Rooker-Feldman* doctrine because Kinney's claims amount to a forbidden "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**