**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DRAKE WARD, | No. 17-56670 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00444-DSF-KES |
| v. | |
| CITY OF BARSTOW; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Drake Ward appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and

the district court's determination regarding judicial immunity. *Sadoski v. Mosley*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We affirm.

The district court properly dismissed Ward's due process and conspiracy claims for damages against defendants Rogan and Dowd in the first amended complaint ("FAC") because these defendants are entitled to judicial and prosecutorial immunity. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of absolute prosecutorial immunity); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity).

The district court properly dismissed Ward's due process and conspiracy claims for declaratory relief against Rogan and Dowd in the FAC because Ward lacks standing to seek declaratory relief. *See Mayfield v. United States*, 599 F.3d 964, 969-71 (9th Cir. 2010) (plaintiff must demonstrate standing separately for each form of relief sought; to establish Article III standing, plaintiff must show that he or she faces imminent injury on account of defendant's conduct and that a favorable decision will likely redress his or her injury).

The district court properly dismissed Ward's unlawful search and seizure claims, false arrest claim, due process and conspiracy claims, free speech claim, and municipal and supervisory liability claims in the fourth amended complaint ("4AC") because Ward failed to allege facts sufficient to state plausible claims.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true) (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true).

The district court properly dismissed Ward's Sixth Amendment Confrontation Clause claim in the 4AC because Ward failed to allege facts sufficient to state a plausible claim. *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" (citation omitted)). To the extent this claim is based on the subpoena issued to Dowd in Ward's criminal proceeding, the district court properly dismissed this claim for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claim constituted a forbidden "de facto appeal" of the state court's order quashing the subpoena. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by dismissing the FAC as to Rogan and Dowd, or the 4AC as to all named defendants, without further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court's consideration of the search and arrest warrants and their supporting documents in the context of a motion to dismiss was proper because the documents were incorporated by reference into the 4AC. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (district court may consider document incorporated by reference in the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

We reject as unsupported by the record Ward's contentions that the district court failed to construe allegations in his favor or assumed facts favorable to defendants.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**