**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM H. GILLIAM, | No. 20-16939 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:20-cv-00201-JMS-RT |
| KATHLEEN N.A. WATANABE, The Hon., in her official capacity as Judge of the Fifth Circuit Court; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

William H. Gilliam appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that improper decisions were made

in a state court action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Gilliam's request for oral argument, set forth in his briefs, is denied.

de novo a dismissal based on judicial immunity. *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We affirm.

The district court properly dismissed Gilliam's claims for injunctive and declaratory relief against Judge Watanabe because Gilliam failed to allege facts sufficient to state a claim for such relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Green v. Mansour*, 474 U.S. 64, 67-69 (1985) (distinguishing claims for prospective and retrospective relief and explaining that claims for retrospective relief are barred by the Eleventh Amendment).

The district court did not abuse its discretion by dismissing Gilliam's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1040-41 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to take judicial notice (Docket Entry No. 8) and Gilliam's

motion to supplement the record (Docket Entry No. 22) are denied as unnecessary.

**AFFIRMED.**