NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER K. ALONSO, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WILLIAM QUAN; POLI FLORES; ROSS; M. LEPE NEGRETE; CHRISTOPHER PLOURD, <br><br> Defendants - Appellees. | No. 23-3367 <br><br> D.C. No. 3:23-cv-00760-WQH-NLS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Christopher K. Alonso appeals pro se from the district court's order

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations during his

state criminal proceeding. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (determination that judicial immunity applies). We affirm.

The district court properly dismissed Alonso's action because defendants, California Superior Court judges who oversaw Alonso's criminal proceedings, are immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Sadoski*, 435 F.3d at 1079 (explaining that judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Alonso's motion for reconsideration because Alonso did not identify any basis for relief. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (setting forth the standard of review and grounds for reconsideration).

Alonso's motion to appoint counsel (Docket Entry No. 9) is denied.

**AFFIRMED.**