NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER MARTIN,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>TAMILA JENSEN Esquire; CHEVON ROBINSON MARTIN; SAMANTHA JESSNER, Judge, official capacity; LOS ANGELES COUNTY SUPERIOR COURT, named as Los Angeles County Probate Department; SCOTT NORD, Commissioner; STEPHEN MORGAN, Judge; EMANUEL THOMAS II Esquire; DOES, 1-20,<br><br>    Defendants - Appellees. | No. 24-5720<br><br>D.C. No.<br>2:23-cv-04642-VBF-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 18, 2026[**]

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Walter Martin appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims in connection with a state probate matter. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927-28 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6) and decision regarding Eleventh Amendment immunity); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (decision regarding judicial immunity). We affirm.

The district court properly dismissed Martin's claims against the Los Angeles Superior Court, Judge Jessner, Judge Morgan, and Commissioner Nord as barred by Eleventh Amendment and judicial immunity. *See Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021) (holding that claims against state court judge, sued in his official capacity for judicial acts, were barred by Eleventh Amendment and judicial immunity); *Simmons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that the Eleventh Amendment bars suit against arms of the state, including superior courts and their employees in their official capacity); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (applying judicial immunity to court commissioner acting in a judicial capacity).

The district court properly dismissed Martin's claims for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, because Martin failed to allege facts sufficient to show an enterprise, predicate

2                                                                    24-5720

acts, or damage to his business or property. *See Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023) (setting forth required elements of a RICO private civil action).

The district court properly dismissed Martin's 42 U.S.C. § 1983 claim against attorneys Jensen and Thomas because Martin failed to allege facts sufficient to show that either defendant acted under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318 & n.7 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state law for purposes of § 1983 when performing the traditional role of an attorney); *Simmons*, 318 F.3d at 1161 (explaining that the plaintiff's "conclusory allegations that the lawyer [in private practice] was conspiring with state officers" were insufficient to consider the lawyer a state actor for purposes of § 1983).

The district court did not abuse its discretion in denying leave to amend because "it is clear that granting leave to amend would have been futile." *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (citation omitted); *Walker v. Beard*, 789 F.3d 1125, 1131, 1139 (9th Cir. 2015) (standard of review; denial of leave to amend is proper where no amendment would cure the complaint's deficiencies).

Martin's contention that the district court failed to consider exhibits is unsupported by the record.

All pending motions and requests are denied.

**AFFIRMED.**