**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SANZARO, | No. 13-15520 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01980-JCM-PAL |
| v. | |
| VALORIE J. VEGA; PHILIP M. PRO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Michael Sanzaro appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that Judges Vega and Pro violated

his constitutional rights by ruling against him in his prior actions. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part and dismiss in part.

After the district court entered judgment, the Nevada Supreme Court reversed Judge Vega's order confirming the arbitration award against Sanzaro and remanded with instructions to vacate the award. *See Sanzaro v. Ardiente Homeowners Ass'n*, No. 61288, 2015 WL 6163900 (Nev. Oct. 16, 2015). We therefore dismiss as moot Sanzaro's claims seeking declaratory and injunctive relief voiding that order. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation and internal quotation marks omitted)).

The district court properly dismissed without leave to amend Sanzaro's claims seeking damages and additional injunctive relief against Judge Vega because Judge Vega is immune from liability. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

13-15520

decree was violated or declaratory relief was unavailable."); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (judges are entitled to immunity for damages for their judicial conduct except when acting "in the clear absence of all jurisdiction" (citation and internal quotation marks omitted)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

For the same reasons, the district court did not abuse its discretion in denying Sanzaro's motions for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 60(b)).

We reject Sanzaro's contention that the district court violated his due process rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part; DISMISSED in part.**