**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILLIP WALTER SIMON,

  Plaintiff - Appellant,

v.

DEBORAH A. CUMBA,

  Defendant - Appellee.

No. 25-1727

D.C. No. 3:25-cv-00107-CAB-MSB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

   Phillip Walter Simon appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

a child support case in state court. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the basis of judicial immunity. *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We affirm.

The district court properly dismissed Simon's action because defendant Cumba is immune from liability. *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not."); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam) (applying judicial immunity from damage liability to a state court commissioner for acts taken in a judicial capacity and not in a clear absence of jurisdiction); *see also Munoz v. Superior Ct. of L.A. County*, 91 F.4th 977, 980-81 (9th Cir. 2024) (affirming dismissal of § 1983 claims seeking declaratory and injunctive relief because "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment," including for prospective injunctive relief); *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief.").

We reject as unsupported by the record Simon's contentions about judicial bias, misconduct, and conspiracy.

We do not consider matters not specifically and distinctly raised and argued

2                                                                            25-1727

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**